# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL  DIVISION

| | | |
|---|---|---|
| JAVIER PENA CALLEJA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  13-4112-CV-C-NKL-P |
| | ) | |
| MARTY MARTIN-FOREMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS,
SEVERING AND DISMISSING ADDITIONAL PLAINTIFFS WITHOUT PREJUDICE,
DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL,
AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

Plaintiff Calleja, who currently is incarcerated at the Fulton State Hospital, has filed pro se this civil rights action pursuant to 42 U.S.C. § 1983, seeking relief for certain claimed violations of his federally protected rights.  Plaintiff has moved for leave to proceed in forma pauperis without the prepayment of court fees or costs.  He has submitted an affidavit of poverty in support thereof. Because the United States Court of Appeals for the Eighth Circuit has ruled that the inmate account procedures of the Prison Litigation Reform Act (PLRA) do not apply to persons who are mental patients, see Perkins v. Hedricks, 340 F.3d 582, 583 (8th Cir. 2003);  Kolocotronis v. Morgan, 247 F. 3d 726 (8th Cir. 2001), plaintiff will be granted provisional leave to proceed in forma pauperis.

Plaintiff's complaint sets forth vague and conclusory allegations that defendant Martin-Foreman  negligently abused her authority, that defendant Hyer was deceitful and abusive, that defendant Mossman was negligent and abusive, that defendants Linenfelser and Koster were deceitful and abusive, that defendants Nolan and Plats "deceiting [sic] the jury," Doc. No. 1, p. 3, that defendant Miller knowingly caused plaintiff to rely on a misrepresentation of facts, and that

defendant Bolourtchi failed to inform the federal judge that plaintiff was available for a "recalendar hearing" of his deportation hearing. He also states that he was detained for two years in the Ste. Genevieve County Jail where conditions were very poor. Although plaintiff does not set forth specific allegations against defendant Ring, who he specifically named as a defendant, plaintiff apparently does attempt to state claims against Lorraine L. Griffin, Christopher Schultz, Karen A. Feary, and the Honorable Judge Carolyn Whittington concerning his I.N.S. hearing even though he does not name them specifically as defendants. Doc. No. 1, pp. 7,9. Plaintiff apparently seeks to state an "ADA" claim, but he has failed to state how that statute applies to him. Doc. No. 1, p. 8. Plaintiff also attaches numerous exhibits regarding his deportation to Mexico after he has served his Missouri sentence and statements from Brian Craig and Walter Ritchey about an episode involving plaintiff needing medical assistance on March 27, 2013. Doc. N. 1, Exhibit 1. Plaintiff seeks monetary damages and to prevent the "abuse and neglect" and to release him and return him to Mexico. Doc. No. 1, p. 4.

Apparently, plaintiff seeks to join five (5) additional inmates as plaintiffs in this case even though the additional plaintiffs have not filed motions for leave to proceed in forma pauperis. Because the claims set forth in this case are specific to plaintiff Calleja[1], the Court will sever and dismiss all other plaintiffs in this action and will direct such individuals to file separate complaints setting forth claims and defendants that relate only to themselves if they seek to litigate cases in this

---

[1] As to plaintiff Calleja seeking to bring a class action on behalf of other prisoners, a class representative must "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). Although a litigant may bring his own claims to federal court without counsel, a pro se litigant cannot bring the claims of others to federal court. 28 U.S.C. § 1654. See also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1768.1 ("class representatives cannot appear pro se.").

Case 2:13-cv-04112-NKL   Document 4   Filed 05/06/13   Page 2 of 5

Court. The Clerk of the Court will be directed to mail them court-approved civil rights complaint forms for filing a complaint pursuant to 42 U.S.C. § 1983 for them to complete and return to this Court if they seek to file separate complaints setting forth claims relating only to themselves.

To state a claim under Section 1983, "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S.662, 676 (2009). A defendant must have been personally involved in the deprivation of plaintiff's rights to be liable, Martin v. Sergeant, 780 F.2d 1334, 1337 (8th Cir. 1985), and pleadings must offer more than labels and conclusions; formulaic recitations of the elements of a cause of action are not sufficient. Ashcroft, 556 U.S. at 678. While pro se claims are to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972), plaintiff's assertions in this case lack the requisite specificity. See Ellingburg v. King, 490 F.2d 1270, 1271 (8th Cir. 1974).

Plaintiff will be directed to file a superceding amended complaint in which he sets out sufficient facts to show exactly **who** is involved in his claims and **what** each individual defendant **specifically did or failed to do** in violation of plaintiff's federally protected rights. Plaintiff also should state exactly what specific injuries resulted from each defendant's actions. In his amended complaint, plaintiff should include all of his allegations against every defendant he is suing in this case. Any claims or defendants not specifically set forth in the amended complaint will be deemed to have been abandoned. If plaintiff seeks to proceed with this case, he must file a superceding amended complaint, or this case will be dismissed pursuant to Fed. R. Civ. P. 41(b).

The complaint also must comply with Fed. R. Civ. P. 18 (a) and 20(a)(2) because plaintiff cannot name multiple defendants who are not shown to be connected to all claims raised in the complaint by a common occurrence or question of fact or law and raises claims not related to other

3

claims against the other defendants.  See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Rahman v. Taylor, 2010 WL 2178938 (D. N.J. May 27, 2010); Johnson v. Corrections Corporartion of America, 2008 WL 4724488 (D. Kan. Oct. 23, 2008).  While plaintiff may be able to relate multiple defendants to certain claims arising out of a particular prison or jail, he has not alleged any facts linking all of the defendants to any one claim or alleged constitutional violation.  Separate claims against separate defendants in separate locations which do not arise out of the same transactions or occurrences should not be litigated in the same case.  See Fed. R. Civ. P. 18-20.  In other words, plaintiff cannot join all of his claims against all defendants when those claims and defendants involve entirely separate events which specifically are not related.

Plaintiff also has filed a motion for appointment of counsel (Doc. No. 3).  An indigent has no statutory or constitutional right to have counsel appointed in a civil action for damages.  Wiggins v. Sargent, 753 F.2d 663 (8th Cir. 1985); Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981).  Rather, "[i]n civil rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request."  Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).  Among the factors to be considered by the district court in determining whether to appoint counsel in a civil case are the factual and legal complexity of the case, the ability of the inmate to present his claim, and plaintiff's good faith efforts to retain counsel.  In Re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986).

Because the record has not been developed sufficiently to determine if appointment of counsel is justified, plaintiff's motion for appointment of counsel (Doc. No. 3) will be denied without prejudice.

Accordingly, it is **ORDERED** that:

4

(1) plaintiff Calleja is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(b);

(2) plaintiff's Brian Craig, Walter W. Ritchey, Hugh Holly, Larry J. Bendrom, and Thomas L. Hurd are severed and dismissed as plaintiffs in this case without prejudice;

(3) the Clerk of the Court shall mail court-approved civil rights forms for filing separate complaints pursuant to 42 U.S.C. § 1983 to Brian Craig, Walter W. Ritchey, Hugh Holly, Larry J. Bendrom, and Thomas L. Hurd to the Fulton State Hospital in Fulton, Missouri;

(4) Brian Craig, Walter W. Ritchey, Hugh Holly, Larry J. Bendrom, and Thomas L. Hurd shall file separate complaints setting forth claims and defendants relating only to themselves if they seek to litigate cases in this Court;

(5) the Clerk of the Court is directed to mail plaintiff another set of civil rights forms for his use in filing an amended complaint;

(6) plaintiff is directed to file a superceding amended complaint, on or before May 28, 2013, as specifically discussed herein;

(7) failure to amend as directed will result in the dismissal of this case without further notice; and

(8) plaintiff's motion for appointment of counsel (Doc. No. 3) is denied without prejudice.


 /s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri,

Dated: May 6, 2013.

5